**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DELI STAR CORP, INC., <br><br> Plaintiff, <br><br> v. <br><br> W.A. KRETCH CO. LLC, <br> *doing business as* Café Favorites, *et al.* <br><br> Defendants. | Case No. 15-224 JPG/DGW |

**MEMORANDUM AND ORDER**

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defect in the jurisdictional allegations of the Notice of Removal (Doc. 1) filed by defendants W.A. Kretch Co., LLC, CEM Enterprises I, LLC and CEM Enterprises LLC:

**Failure to allege the citizenship of each member of an unincorporated association.**

> To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *See White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The Notice of Removal states the principal place of business for defendants W.A. Kretch Co., LLC, CEM Enterprises I, LLC and CEM Enterprises LLC but does not plead the citizenship of each of the LLCs' members.

The Court hereby **ORDERS** that the defendants, W.A. Kretch Co., LLC, CEM Enterprises I, LLC and CEM Enterprises LLC shall have up to and including March 23, 2015 to amend the faulty pleading to correct the jurisdictional defect. *See* 28 U.S.C. § 1653. Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction. Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. Defendants W.A. Kretch Co., LLC, CEM Enterprises I, LLC and CEM Enterprises LLC are directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: March 9, 2015**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**